UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

MARTHA C. HAYES and          )
DAMON A. HAYES,              )
                            )
          Plaintiffs        )
                            )
     v.                     )     CAUSE NO: 4:11-cv-00043
                            )
MENARD, INC.,               )
                            )
          Defendant         )

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 12] filed by the defendant, Menard, Inc., on May 29, 2012, and the Motion for Oral Argument [DE 18] and Objection to Evidence [DE 19] filed by the plaintiffs, Martha C. Hayes and Damon A. Hayes, on June 22, 2012.  For the reasons set forth below, the Motion for Summary Judgment [DE 12] is **GRANTED**, the Motion for Oral Argument [DE 18] is **DENIED**, and the Objection to Evidence [DE 19] is **GRANTED IN PART** and **DENIED IN PART**.

Background

The plaintiffs, Martha C. Hayes and Damon A. Hayes, were shopping at the Menard store located in Lafayette, Indiana, on July 5, 2010.  Mrs. Hayes was walking down an aisle in the millwork department with Menard's First Assistant Department Manager, Joshua Myers, when she slipped on a puddle of clear liquid. Mrs. Hayes did not fall to the ground, but she complained

of back pain after her slip. Myers assisted Mrs. Hayes to her feet from a straddle position after her slip and called for Matt Casel, the store manager on duty.  Myers and Casel observed a track mark or smear through the spill where Mrs. Hayes' right foot had slid when she stepped on the spill.  There were no other tracks in the spill.  Casel called 911, and Mrs. Hayes was taken by ambulance to the hospital. Neither Mrs. Hayes nor Myers saw the spill prior to Mrs. Hayes' accident.  Casel stated in his affidavit that Menard's management had received no reports of any spills in the aisle of its millwork department prior to Mrs. Hayes' accident.  At her deposition, Mrs. Hayes admitted that the origin of the spill was unknown and that she did not know how long the puddle existed prior to her stepping into it.

At the time of Mrs. Hayes' accident, Menard was having a 4th of July sale, and the store was very busy.  There were three employees on duty in the millwork department, which consisted of ten aisles.  The Menard employees were trained to walk their areas and look for any spills or other potential hazards, and any spills or hazards were to be cleaned up immediately.  None of the employees saw the spill that caused Mrs. Hayes to slide prior to her accident.

Menard now moves for summary judgment, arguing that it cannot be liable for Mrs. Hayes' injuries because it did not have

2

actual or constructive knowledge of the presence of the liquid on the floor prior to Hayes' accident.

<u>Discussion</u>

Before addressing Menard's motion for summary judgment, the court first must determine what evidence it may evaluate by addressing the plaintiffs' motion to strike statements contained in Menard's brief in support of its summary judgment and supporting affidavit made by store manager Matt Casel. First, the plaintiffs argue that statements contained in Paragraphs 3, 5, and 9 of Casel's affidavit must be stricken because he lacks personal knowledge with which to make such statements.

Federal Rule of Civil Procedure 56(e) mandates that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  On a motion for summary judgment, a court must not consider those parts of an affidavit that do not comply with the mandatory requirements as set out in Rule 56(e). ***Adusumilli v. City of Chicago***, 164 F.3d 353, 359 (7th Cir. 1998)(*citing **Friedel v. City of Madison**, 832 F.2d 965, 970 (7th Cir. 1987)).

Rule 56(c)(4) expands the personal knowledge requirement and states that an affidavit must be "made on personal knowledge

3

[and] set forth facts as would be admissible in evidence." *See Drake v. Minnesota Mining and Manufacturing Company*, 134 F.3d 878, 886 (7th Cir. 1998).  The affiant may include reasonable inferences drawn from his own observations, but he may not testify as to the knowledge or observations of another.  *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003) (*quoting Visser v. Packer Eng'g Assoc.*, 924 F.2d 655, 659 (7th Cir. 1991) (en banc)) ("[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience.  They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience.'").  *See also Jenkins v. Heintz*, 124 F.3d 824, 831 (7th Cir. 1997)(affiant cannot testify as to the knowledge of another); *Davis v. House of Raeford Farms of Louisiana LLC*, 2008 WL 2952477, *1 (W.D. La. 2008) (finding that witness was not competent to testify to what another knew).

In Paragraph 3 of his affidavit, Casel states that, "[n]one of the employees observed the spill before Mrs. Hayes' accident." This statement of fact, as offered, may not be considered by the court on Menard's motion for summary judgment because it is not, as Rule 56(e) requires, made pursuant to the affiant's personal knowledge.  It is instead an attempt to allow Casel to testify as to the knowledge of all of the other employees present on the

4

date of Mrs. Hayes' slip, and as such, the statement must be stricken.

In Paragraph 5 of his affidavit, Casel states: "This was the first notice which management had received that there had been any spill in that aisle.  Menard did not have any actual knowledge of the spill prior to the accident involving Mrs. Hayes." As the store manager on duty at the time of the occurrence, Casel's statement concerning at what point in time Menard management became aware of the spill is proper under Rule 56(e). However, the plaintiffs are correct in their assertion that Casel's statement that "Menard did not have any actual knowledge of the spill prior to the accident" should not be considered by the court. In a premises liability case, Indiana law provides that "an employees' knowledge of a dangerous condition may be imputed to their employer." *St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis*, 783 N.E.2d 274, 279 (Ind. App. 2002) (*citing Southport Little League v. Vaughan*, 734 N.E.2d 261, 275 (Ind. App. 2000)). Accordingly, Casel's statement that Menard was unaware of the spill prior to Mrs. Hayes' accident is speculation concerning the knowledge of other persons, because Casel was not the only employee on duty prior to the incident.  As such, it too must be stricken.

The last sentence in Paragraph 9 of Casel's affidavit reads as follows:

> The spill could not have been present on the floor for more than ten minutes prior to the accident based on the facts that there was an especially high number of customers in the store at the time of the accident, that there was a high volume of customer traffic throughout the store including the millwork department prior to the accident, the spill had not been reported by any customer to the store management or any store employee, there were no tracks through the spill except the track made by Mrs. Hayes, and the spill had not been observed by any employee prior to the accident even though the employees were constantly moving through the aisles in the millwork department.

The plaintiffs move to strike this sentence in its entirety asserting that the facts do not meet the requirements of Rule 56(c)(4) in that they are not based on Casel's own perception and personal knowledge, or alternatively, that they would not be admissible evidence under Federal Rule of Evidence 701.

In accord with the reasoning stated above regarding the statements made in Paragraphs 3 and 5 of Casel's affidavit, the following phrases within the last sentence of Paragraph 9 of Casel's affidavit shall be stricken because they do not meet the personal knowledge requirement of Rule 56(c)(4): "or any store employee" (located immediately following the phrase, "the spill had not been reported by any customer to the store management"); and, "the spill had not been observed by any employee prior to

6

the incident."  Those phrases are but another attempt to allow
Casel to testify as to the knowledge of another, and as such must
be stricken.

The remainder of the last sentence of Paragraph 9 of the
Casel affidavit complies with the Rule's personal knowledge
requirement. As the manger on duty in the millwork department at
the time Mrs. Hayes slipped in the puddle, Casel may testify as
to his knowledge and observation of the number of customers and
employees in the millwork department at that time as well as to
his own knowledge, as a manager, of whether Menard management had
any record of receiving a customer report of the spill. See
*Jenkins*, 124 F.3d at 831 (Attorney/defendant could make state-
ments in his affidavit concerning his knowledge as a partner and
the content of the firm's business records, but he could not
testify as to the knowledge of another member of his firm).
Likewise, Casel may testify as to his observation of the track
made by Mrs. Hayes through the spill.  While Casel did not
personally observe the length of time that the spill existed,
given his observations regarding the amount of foot traffic in
the millwork department, the lack of any direct report of a spill
to him as manager, and his observations and experience with
regard to the reporting habits of Menard customers, it is reason-
able for him to state an opinion as to how long the puddle

7

existed prior to Mrs. Hayes' encounter with it.  As stated above, personal knowledge may include reasonable inferences from the affiant's own observations or other first-hand personal experience. *Payne,* 337 F.3d at 772.  *See also Visser*, 924 F.2d at 659 (*citing United States v. Giovannetti*, 919 F.2d 1223, 1226 (7th Cir.1990)("Personal knowledge 'includes inferences - all knowledge is inferential - and therefore opinions.'").

Although the court finds that the remaining portion of Paragraph 9 of Casel's affidavit is appropriately based on the affiant's personal knowledge, plaintiffs alternately argue that the facts set out in that portion of Casel's affidavit must be stricken as contrary to Rule 56(c)(4) because they do not "set out facts that would be admissible in evidence" under Federal Rule of Evidence 701.

Under Rule 701, a lay witness may testify as to his opinions or inferences if they are based on his own perceptions; are "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and are not based on specialized knowledge that would bring the testimony within the scope of Rule 702.

Having already established that Casel's statements are based properly on his personal knowledge, the first prong of Federal Rule of Evidence 701 is met. Casel's opinions as to the length of

8

time that the spill existed are not based on scientific, techni-
cal, or specialized knowledge that would bring them into the
purview of Rule 702.  Therefore, the court must consider whether
the remaining portions of the final sentence of Paragraph 9 of
Casel's affidavit are "helpful to clearly understanding the
witness's testimony or to determining a fact in issue."

"Ultimately, the question of whether a lay opinion falls
into the category of 'meaningless assertion' or whether that
opinion actually will help the jury decide an issue in the case
is a judgment call for the district court." *Stagman v. Ryan*, 176
F.3d 986, 995-96 (7th Cir. 1999) *citing* *United States v. Allen*,
10 F.3d 405, 415 (7th Cir. 1993). Here, the length of time in
which the condition of the spill existed goes to the heart of the
question of whether Menard had notice of the spill and thus can
be found to have breached a duty owed to Mrs. Hayes.  As such,
Rule 701 does not preclude Casel from expressing an inference or
opinion he has made from his own perceptions regarding the length
of time the spill existed prior to Mrs. Hayes' slip.  As to the
remainder of Casel's statements found in the last sentence of
Paragraph 9 of his affidavit, the plaintiffs' motion to strike is
**DENIED.**

Therefore, the plaintiffs' motion to strike is **GRANTED** as to
the following portions of Casel's affidavit: (1) the statement,

9

"[n]one of the employees observed the spill before Mrs. Hayes' accident" from Paragraph 3 of Casel's affidavit; (2) the statement, "Menard did not have any actual knowledge of the spill prior to the accident involving Mrs. Hayes" from Paragraph 5 of Casel's affidavit; and, (3) the phrases,"or any store employee" (located immediately following the phrase, "the spill had not been reported by any customer to the store management") and "the spill had not been observed by any employee prior to the incident," both found within the last sentence of Paragraph 9 of Casel's affidavit.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Kidwell v. Eisenhauer,* 679 F.3d 957, 964 (7th Cir. 2012); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Stephens*, 569 F.3d at 786.  A fact is material if it is outcome determinative under

10

applicable law.  There must be evidence on which the jury could reasonably find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).  However, summary judgment may be entered against the non-moving party if it is unable to "establish the existence of an essential element to [the party's case, and on which [that party] will bear the burden of proof at trial . . . ."  *Kidwell*, 679 F.3d at 964 (*citing Benuzzi v. Bd. of Educ.*, 647 F.3d 652, 662 (7th Cir. 2011) (*quoting Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2548).  Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles.  *Ashman v. Barrows,* 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact.  *Wheeler*, 539 F.3d at 634 (*citing Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party

11

opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511

*See also* *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2553; *Stephens,* 569 F.3d at 786; *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); *Springer v. Durflinger,* 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

Once the moving party proves an absence of a genuine issue as to any material fact, the opposing party must set forth

specific facts showing that there is a genuine issue for trial. Rule 56(e); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

Additionally, when at the summary judgment level, a party fails to demonstrate that there is evidence sufficient to establish all of the elements necessary to his claim, summary judgment must be entered in favor of his adversary. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552 (". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). As explained by the Supreme Court in *Celotex*, "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.

To succeed on her negligence claim against Menard, Mrs. Hayes must prove: (1) a duty was owed to her, (2) a breach of that duty by the defendant, and (3) that the breach proximately caused her damages. *Bond v. Walsh & Kelly, Inc.*, 869 N.E.2d 1264,

1266 (Ind. App. 2007)(*citing **Peters v. Foster***, 804 N.E.2d 736, 742 (Ind. 2004)).

Breach of a duty and proximate cause issues generally are questions of fact. ***Peters***, 804 N.E.2d at 743; ***King v. Northeast Security, Inc.***, 790 N.E.2d 474, 484 (Ind. 2003). The court may conclude as a matter of law that a breach of duty has occurred only where the facts are undisputed and lead to but a single inference or conclusion. ***King***, 790 N.E.2d at 484; ***Cullop v. State***, 821 N.E.2d 403, 407 (Ind. App. 2005); ***Oxley v. Lenn***, 819 N.E.2d 851, 856 (Ind. App. 2004). "Generally, whether a duty exists is a question of law for the court to decide." ***Rhodes v. Wright***, 805 N.E.2d 382, 386 (Ind. 2004) (*citing **Hooks SuperX, Inc. v. McLaughlin***, 642 N.E.2d 514, 517 (Ind. 1994)). However, determining the existence of a duty may depend upon underlying facts that require resolution by a trier of fact. ***Rhodes***, 805 N.E.2d at 386—87.

"The nature and extent of a landowner's duty to persons coming on the property is defined by the visitor's status as an invitee, a licensee, or a trespasser." ***Harradon v. Schlamadinger***, 913 N.E.2d 297, 300 (Ind. App. 2009) (*citing **Rhoades v. Heritage Inv., LLC***, 839 N.E.2d 788, 791 (Ind. App. 2005)). The highest duty of care is "the duty to exercise reasonable care for the in-

14

vitee's protection while he or she is on the premises." *Harradon*, 913 N.E.2d at 300—01.

Menard concedes in its Memorandum in Support of Summary Judgment that both plaintiffs were business invitees at the time Mrs. Hayes sustained her injuries and that, as such, Menard owed them the highest duty of care.

Indiana has adopted the Second Restatement of Torts, which explains the duty of care a business owner owes to an invitee:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.
>
> *Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991)(*quoting* Restatement (Second) of Torts §343 (1965))

The plaintiff carries the burden of proving each of these elements against the business owner. *Hi—Speed Auto Wash, Inc. v. Simeri,* 346 N.E.2d 607, 608 (Ind. App. 1976); *Robinson v. Walmart Stores East, LP*, 2009 WL 127029, *4 (S.D. Ind. Jan. 20, 2009).

15

Summary judgment is appropriate in favor of the defendant when the plaintiff fails to establish the existence of facts to support an essential element of her claim. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552-53; *Walter v. Fiorenzo,* 840 F.2d 427, 434-35 (7th Cir. 1988)*.* Under such circumstances, the defendant's denial, in the form of a motion for summary judgment, is sufficient for an entry of summary judgment in its favor. *Walter,* 840 F.2d at 435.

Menard denies that it had either actual or constructive knowledge of the hazardous condition that caused Mrs. Hayes' injuries and further argues that it is entitled to the entry of summary judgment in its favor because the plaintiffs have failed to offer any facts to support an essential element of their case. Specifically, Menard asserts the plaintiffs have not produced any evidence that Menard knew or should have known of the existence of the hazardous condition at issue prior to Mrs. Hayes' slip and that the knowledge is required to create a duty sufficient to impose liability upon a business owner for injuries sustained by an invitee.

The plaintiffs make no assertion that Menard placed the liquid that Mrs. Hayes slipped upon on the floor, but rather they contend that Menard employees knew about the hazardous condition, or alternatively, that the spill was on the floor long enough

16

that Menard or its employees should have known of its presence. Such contentions, if true would make Menard liable to Hayes for any injuries she sustained after slipping in the liquid. *See Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. App. 1992)(*citing F.W. Woolworth Co. v. Jones*, 130 N.E.2d 672, 673) (Ind. App. 1955)("A storekeeper is charged with . . . constructive knowledge [of a dangerous condition] if such condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care.").

The record is devoid of evidence that Menard had actual knowledge of the liquid on the floor.  In his affidavit, Casel denies that management had knowledge of the spill or that the spill had been reported, and the plaintiffs have pointed to no evidence to show that Menards had actual knowledge. In fact, the plaintiffs admitted in their response brief that "[t]here are no known witnesses with personal knowledge of how the puddle came to be on the Menard's floor or how long it was there". (Pltfs. Br. In Opp'n to Deft. Mot. Summ. J. at pp. 3, 8).  Rather, it is evident that the plaintiffs intended to proceed on a theory of constructive notice.

17

"[W]e have defined constructive knowledge as a 'condition [which] has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care.'"  *Schultz v. Kroger*, 963 N.E.2d 1141, 1144 (Ind. App. 2012).  In *Schultz*, the plaintiff slipped and fell on a clear liquid in the defendant, Kroger's, store.  *Schultz*, 963 N.E.2d at 1144.  When determining whether Kroger had constructive notice, the court pointed to an employee's affidavit which stated that an employee had been in the area where the fall occurred five to ten minutes before the fall and that neither she nor any other employee observed any foreign substance or potential hazard on the floor.  It was customary for the management team to monitor the floors continually for hazards.  The court concluded that because the substance had been on the floor no more than ten minutes, the store did not have constructive notice of the hazard.  *Schultz*, 963 N.E.2d at 1145.

The plaintiffs offer no evidence to support their contention that Menards had notice sufficient to create a duty.[1]  Rather, the plaintiffs erroneously assert that Menard has the burden to

---

[1] The court acknowledges the plaintiffs' assertion that there is some evidence of a discrepancy (within a few inches) regarding the actual size of the spill.  However, with no evidence to support an allegation that the spill existed any significant length of time, it finds that such a dispute over the exact diameter of the spill does not create an inference of constructive notice nor a genuine issue of fact.

18

prove its lack of constructive knowledge by producing evidence that the puddle was not in existence long enough to be discovered. In support of their argument, the plaintiffs rely on *Golba v. Kohl's Department Store*, 585 N.E.2d 14, 17 (Ind. App. 1992) to establish that Menard's motion for summary judgment must fail unless it can prove it lacked notice of the spill upon which Mrs. Hayes slipped. In *Golba*, the plaintiff testified she was injured after she slipped on a "rounded object" in the defendant's store. The Indiana Court of Appeals held that the defendant was precluded from an entry of summary judgment in its favor when it could not establish its lack of constructive knowledge of the object.

While the holding in *Golba* would control in a state court, the standard for motions of summary judgment is different here.

> . . . Indiana's summary judgment procedure abruptly diverges from federal summary judgment practice. Under the federal rule, the party seeking summary judgment is not required to negate an opponent's claim. The movant need only inform the court of the basis of the motion and identify relevant portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." The burden then rests upon the non-moving party to make a showing sufficient to establish the existence of each challenged element upon which the non-movant has the burden of proof.
>
> *Jarboe v. Landmark Cmty. Newspapers of Indiana, Inc.*, 644 N.E.2d 118, 123 (Ind. 1994)

19

> (*citing* ***Celotex Corp.***, 477 U.S. at 323, 106
> S.Ct. at 2552-53)

Indiana does not follow the federal methodology and ***Celotex,*** but the federal courts do. The burden is on the plaintiffs to prove the elements they would be required to prove at trial, including constructive notice.

The plaintiffs have not submitted any evidence to show that Menard should have been aware that the spill existed. Rather, the evidence shows the spill had not been reported, was not caused by a Menard employee, and that at least three Menard employees were monitoring the department where the spill occurred. The employees were trained to monitor the aisles for hazards and to clean up any spills immediately. Additionally, the employees observed that there were no other tracks in the spill, suggesting it had occurred recently in light of the high volume of customers in the store that day. The only evidence directly supporting the length of time the spill was present was Casel's affidavit, which stated that the spill could not have been there for more than ten minutes. As discussed in ***Schultz***, ten minutes is insufficient to impose liability on a store owner. ***Schultz***, 963 N.E.2d at 1145.

The plaintiffs have not presented any evidence to suggest that the spill existed for a period of time longer than ten minutes and sufficient to impute constructive knowledge on

20

Menards.  Rather, the plaintiffs admitted in their response brief that there is no evidence that shows how long the spill was present.  Absent evidence to call Casel's affidavit into question and to show that the spill existed for a length of time suffi-cient to give Menard notice of a defect on its premises such that would impart a duty in Menard to protect Mrs. Hayes from said defect, no claim of negligence can stand. The plaintiffs have failed to satisfy their burden and summary judgment must be entered in favor of Menard.

_____

For the foregoing reasons, the Motion for Summary Judgment [DE 12] filed by the defendant, Menard, Inc., on May 29, 2012, is **GRANTED,** and the Objection to Evidence [DE 19] filed by the plaintiffs, Martha and Damon Hayes, on June 22, 2012, is **GRANTED IN PART** and **DENIED IN PART.** Because the court has resolved the issues presented in the briefs, the Motion for Oral Argument [DE 18] filed by the plaintiffs on June 22, 2012, is **DENIED.**

Entered this 14th day of December, 2012

s/ ANDREW P. RODOVICH
   United States Magistrate Judge